UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY LIGE, JR.,

                 Petitioner,

v.                                          CASE NO. 07-14871
                                          HONORABLE JOHN CORBETT O'MEARA

LINDA M. METRISH,

                 Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND,
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Larry Lige, Jr., has filed a *pro se* application for the writ of habeas corpus pursuant to

28 U.S.C. § 2254. Also pending before the Court is Petitioner's motion to amend his supporting brief to

correct a clerical error. The habeas petition challenges Petitioner's state conviction for armed robbery.

Petitioner alleges that (1) evidence of his prior convictions was improperly admitted at trial, (2) the jury

instructions were defective, (3) his trial attorney was ineffective, (4) the evidence at trial was insufficient

to support his conviction, (5) he was denied an arraignment on the warrant, (6) his trial attorney should

have objected when the prosecution failed to produce a *res gestae* witness at trial, and (7) his appellate

attorney was "cause" for not raising his fourth, fifth, and sixth claims on appeal. Respondent Linda M.

Metrish urges the Court through counsel to deny the petition. The Court agrees that Petitioner is not

entitled to the relief he seeks. Accordingly, the habeas petition will be denied.

**I. Background**

Petitioner initially was charged in Wayne County, Michigan with armed robbery and felony

firearm in connection with the theft of money and jewelry from the Castle Jewelry store in Hamtramck,

Michigan on July 20, 2000. As explained by the state court,

> [w]hile another perpetrator held the store owner at gunpoint, [Petitioner] was alleged to
> have emptied the contents of the safe and layaway box located in the store. The police
> investigation following the crime resulted in a set of fingerprints being lifted from a black

plastic tray that had been inside the safe at the time of the robbery.  The fingerprints
matched [Petitioner's], in particular, the four fingers on his left hand.

*People v. Lige*, No. 236345, 2003 WL 22928851, at *1 (Mich. Ct. App. Dec. 11, 2003).

The felony firearm charge was dismissed at the preliminary examination, and Petitioner was
bound over to Wayne County Circuit Court on the armed robbery charge.  His defense was that he did not
commit the robbery.  Defense counsel argued to the jury that the store owner's testimony – that the
jewelry tray on which Petitioner's fingerprints were found was consistently kept in the store safe – was
not credible.  On May 16, 2001, the jury found Petitioner guilty, as charged, of armed robbery, Mich.
Comp. Laws § 750.529.  The trial court sentenced Petitioner to imprisonment for eighteen to sixty years.

Petitioner raised his first three habeas claims in an appeal of right.  The Michigan Court of
Appeals affirmed his convictions, and on June 30, 2004, the Michigan Supreme Court denied leave to
appeal.  *See People v. Lige*, 470 Mich. 886; 682 N.W.2d 92 (2004).

Petitioner subsequently filed a motion for relief from judgment, which the trial court denied.  In
an appeal from the trial court's decision, Petitioner raised the issues that now constitute habeas claims IV
through VII.  The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal
because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See
People v. Lige*, No. 271757 (Mich. Ct. App. Feb. 14, 2007); *People v. Lige*, 479 Mich. 863; 735 N.W.243
(2007) (table).  The Michigan Supreme Court denied reconsideration on September 24, 2007.  *See People
v. Lige*, 480 Mich. 894; 738 N.W.2d 755 (2007).

Petitioner filed his habeas corpus petition on November 13, 2007, and on May 19, 2008 and
August 3, 2009, he submitted amended or supplemental petitions.  His claims are:

    I.       The trial court erred in admitting evidence of Defendant's prior
              convictions, through his unredacted fingerprint card, which was
              exacerbated by expert testimony about defendant's fingerprints
              previously being on file with the state police; [this error] severely
              prejudiced him and denied him his constitutional right to due process of
              law.

2

II.     Petitioner was denied his constitutional right to a properly instructed jury
        where the trial court failed to inform the jury of the standard for
        evaluating fingerprint evidence.

III.    Petitioner was denied his right to a fair trial where trial counsel was
        ineffective for failing to object to the unredacted fingerprint card and for
        failing to request the instruction for evaluating fingerprint evidence.

IV.     Whether Petitioner's fingerprints were sufficient to support the
        conviction of armed robbery.

V.      Defendant was denied his constitutional due process right when he was
        denied an arraignment on the warrant.

VI.     Counsel was ineffective and defendant was deprived of his Sixth
        Amendment right to the effective assistance of counsel when trial
        counsel failed to object to the evidence which was not presented for
        stipulation for deletion to trial court of res gestae witness denying
        defendant his constitutional right to due process and a fair trial.

VII.    Defendant has established cause for failing to raise the issues set forth
        herein[.]  He was denied his Sixth Amendment right to effective
        assistance of counsel on appeal.

Respondent argues in a responsive pleading that Petitioner is not entitled to habeas relief because his

claims are waived, procedurally defaulted, not cognizable on habeas review, and without merit.

**II.  Standard of Review**

       Section 2254(d) of Title 28, United States Code, imposes the following standard of review for

habeas cases:

       An application for a writ of habeas corpus on behalf of a person in custody pursuant to
       the judgment of a State court shall not be granted with respect to any claim that was
       adjudicated on the merits in State court proceedings unless the adjudication of the claim –

       (1)     resulted in a decision that was contrary to, or involved an unreasonable
               application of, clearly established Federal law, as determined by the
               Supreme Court of the United States; or

       (2)     resulted in a decision that was based on an unreasonable determination of
               the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual

determinations.  28 U.S.C. § 2254(e)(1).

3

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

## III. Discussion

### A. Evidence of Petitioner's Prior Convictions; the Jury Instructions

Habeas claim I alleges that the trial court violated Petitioner's right to due process of law by admitting in evidence a fingerprint card, which listed Petitioner's prior convictions on the back side of the card. Habeas claim II alleges that the trial court deprived Petitioner of his right to a properly instructed jury by failing to inform the jury of the standard for evaluating fingerprint evidence. Respondent asserts that these two claims are procedurally defaulted.

#### 1. Procedural Default

The United States Court of Appeals for the Sixth Circuit recently explained that --

> [f]ederal courts ordinarily "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Howard v. Bouchard*, 405 F.3d 459, 475 (6th Cir. 2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). For purposes of procedural default, the federal court is concerned with the "last explained state court judgment." *Id*. at 475-76 (quoting *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004)).

*Akrawi v. Booker*, 572 F.3d 252, 261 (6th Cir. 2009).

The Michigan Court of Appeals was the last state court to issue a reasoned opinion on Petitioner's first and second claims. It determined that Petitioner waived appellate review of his claim

4

about the fingerprint card by not objecting to the admission of the card and by expressly approving its admission. The court of appeals stated that Petitioner also waived appellate review of his claim about the jury instructions. In the state court's words, Petitioner "not only failed to object to the instructions, but when specifically queried by the trial court as to whether 'both sides [were] satisfied that I have read the proper jury instructions,' defense counsel replied in the affirmative." *Lige*, 2003 WL 22928851, at *1. The court of appeals concluded that "[t]his affirmative approval of the jury instructions extinguished any error on appeal." *Id.*

In Michigan, a criminal defendant is required to make an objection in the trial court in order to preserve an issue for appellate review. *See People v. Carines*, 460 Mich. 750, 761-68; 597 N.W.2d 130, 137-40 (1999). The defendant may not harbor error as an appellate parachute by waiving objection to an issue in the trial court and then raising the issue as an error on appeal. *People v. Carter*, 462 Mich. 206, 214; 612 N.W.2d 144, 148-49 (2000). Petitioner violated this rule by agreeing to the admission of the fingerprint card at trial and by acquiescing in the trial court's jury instructions. (Tr. May 15, 2001, at 77-78; Tr. May 16, 2001, at 30-32, 45).

The Michigan Court of Appeals denied relief on the basis of Petitioner's failure to object to the alleged errors during trial and his express approval of the jury instructions and the admission of the fingerprint card. The appellate court's reliance on the State's contemporaneous-objection and waiver rules was an "adequate and independent" state ground for foreclosing relief, because the rules were "firmly established and regularly followed" before Petitioner's trial in 2001. *See Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). Therefore, in order for this Court to consider the substantive merit of Petitioner's claims, he must show "cause" for his procedural defaults and prejudice as a result of the alleged constitutional errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In the alternative, Petitioner must show that failure to consider the merits of his claim will result in a fundamental miscarriage carriage of justice. *Id.*

5

### 2. "Cause"

Petitioner alleges in habeas claim III that his trial attorney was ineffective for failing to object to the jury instructions and the admission of the fingerprint card. Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986)).

To prove that his attorney was constitutionally ineffective, Petitioner must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance requires showing "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Because of the difficulties inherent in evaluating an attorney's performance, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The prejudice prong requires showing a reasonable probability "that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### a. The Fingerprint Card

The fingerprint card in dispute apparently was a two-sided document with Petitioner's fingerprints on one side and his criminal history on the other side. It is possible that the jury never saw Petitioner's criminal history, because a photocopy of the card, not the original card, was admitted in evidence. (Tr. May 15, 2001, at 76.) This would explain why defense counsel asked the trial court to instruct the jurors that they should not consider the fact that Petitioner's fingerprint card was on file with the state police. (Tr. May 16, 2001, at 9.)

6

Even if the jury saw Petitioner's criminal history, the presence of his fingerprints on one of the jewelry trays at Castle Jewelry was substantial evidence that he was one of the two robbers. Therefore, defense counsel's alleged failure to redact the fingerprint card could not have prejudiced the defense.

### b. The Jury Instructions

Petitioner claims that defense counsel should have requested the standard jury instruction on fingerprint evidence, which states:

> The prosecutor has introduced evidence about fingerprints. You may consider this evidence when you decide whether the prosecutor has proved beyond a reasonable doubt that the defendant was the person who committed the alleged crime. However, fingerprints matching the defendant's must have been found in the place the crime was committed under such circumstances that they could only have been put there when the crime was committed.

Mich. CJI2d 4.15.

The trial court did not inform Petitioner's jury that the fingerprints found on the jewelry tray, which matched Petitioner's prints, "must have been found in the place the crime was committed under such circumstances that they could only have been put there when the crime was committed." However, the trial court did instruct the jurors that they were responsible for deciding the facts and that the prosecutor was required to prove beyond a reasonable doubt that a crime was committed and that Petitioner was the person who committed it. The court cautioned the jurors to "examine the identification testimony carefully" and to "consider whether other evidence supports the identification." The court also stated that the jurors could rely solely on the identification testimony so long as they believed the testimony and found that it proved beyond a reasonable doubt that Petitioner was the person who committed the crime. (Tr. May 16 2001, at 33-34, 37, 43.)

Defense counsel, moreover, maintained that it was unlikely the jewelry tray in question was always kept in the safe as the store owner claimed. The jury instructions as given and defense counsel's argument to the jury adequately alerted the jurors to the fact that, in order to convict Petitioner, they had to determine that Petitioner's fingerprints were placed on the jewelry tray when the crime was committed.

7

Even if defense counsel's failure to request the standard jury instruction on fingerprint evidence amounted to deficient performance, the store owner testified that he never left the jewelry store during business hours. Only he, his wife, and a part time employee worked in the store, and he did not permit customers to go to the back of the store where the safe was located. The tray on which Petitioner's fingerprints were found always stayed in the safe because the tray was used for loose jewelry and did not have a pad for displaying jewelry. The owner was certain that only he, his wife, or his other employee had access to the tray. (Tr. May 15, 2001, at 128-30, 146-47, 150, 154.) Because it was highly unlikely that Petitioner could have left his fingerprints on the jewelry tray at a time other than during the robbery, there is not a reasonable probability that the result of the trial would have been different even if the desired jury instruction had been read to the jury.

The Court concludes that defense counsel's allegedly deficient performance did not prejudice the defense. Therefore, defense counsel was not constitutionally ineffective for failing to object to the jury instructions as given and for agreeing to the admission of the fingerprint identification card. Petitioner has failed to show "cause" for his procedural defaults.

### 3. Prejudice; Miscarriage of Justice

The Court need not determine whether Petitioner was prejudiced by the alleged constitutional errors, because he has failed to show "cause" for his procedural defaults. *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003) (citing *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000)). The narrow exception for fundamental miscarriages of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Carrier*, 477 U.S. at 496. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298,

8

324 (1995).

Petitioner has not presented any new evidence to support a claim of actual innocence. Consequently, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of his claims about the fingerprint card and the jury instructions. His first and second claims are procedurally defaulted, and his third claim (ineffective assistance of counsel) lacks merit.

### B. Sufficiency of the Evidence

The fourth habeas claim alleges that there was insufficient evidence to support Petitioner's conviction.[1]  The relevant question on review of the sufficiency of the evidence

> is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See *Johnson v. Louisiana,* 406 U.S. [356, 362 (1972)].  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  The prosecution need not rule out every hypothesis except that of guilt.  *Id.* at 236.

Petitioner alleges that the evidence produced at his trial was insufficient because it consisted solely of fingerprint evidence and there was no evidence to show that he touched the jewelry tray during the robbery.  Fingerprint evidence alone can be sufficient to sustain a conviction against constitutional

---

[1]  Respondent argues that this claim is procedurally defaulted because Petitioner raised the claim for the first time in his motion for relief from judgment.  Habeas claims V through VII also were raised for the first time during state collateral proceedings, and all three state courts denied relief for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).

"It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan courts may rely in foreclosing review of federal claims."  *Akrawi*, 572 F.3d at 261 (citing *Howard*, 405 F.3d at 477).  The Court nevertheless will excuse the alleged procedural default because Petitioner's claims lack merit, and a federal habeas court need not address a procedural-default issue before deciding against the petitioner on the merits.  *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)), *cert. denied*, __ U.S. __, 129 S. Ct. 1986 (2009).

attack. *Taylor v. Stainer*, 31 F.3d 907, 909-10 (9th Cir. 1994); *Duncan v. Stynchcombe*, 704 F.2d 1213, 1215 (11th Cir. 1983). Furthermore, as noted above, the store owner testified that the tray on which Petitioner's fingerprints were found stayed in the safe and only he, his wife, and another employee had access to the tray. Because the tray was kept in the safe, it was virtually inconceivable that Petitioner could have left his fingerprints on the jewelry tray at a time other than during the robbery for which he was convicted. The evidence therefore was sufficient to support Petitioner's conviction. *Taylor*, 31 F.3d at 910.

Petitioner also claims that the combination of the defective jury instructions and the prosecutor's argument that the jewelry tray had to have been touched by Petitioner resulted in an impermissible presumption of ultimate fact. A jury instruction that shifts the prosecutor's burden of proving every element of the charged crime to the accused violates the constitutional right to due process of law. *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979). In this case, however, the trial court instructed the jury that the prosecutor carried the burden of proving all the elements of the crime beyond a reasonable doubt. The jury was not told to presume any facts, and the prosecutor's argument – that the jewelry tray had to have been touched by Petitioner – was made in response to defense counsel's motion for a directed verdict of acquittal. The jury was not present when the prosecutor made the remark. (Tr. May 16, 2001, at 33.) Petitioner's sufficiency-of-the-evidence claim therefore lacks merit.

### C. The District Court Arraignment

Petitioner alleges next that he was denied his constitutional right to due process of law because he was denied an arraignment on the warrant. In the alternative, Petitioner argues that the state district court violated Mich. Comp. Laws § 767.37a(4) by failing to make a verbatim record of the arraignment.

The state court's docket indicates that Petitioner was arraigned in state district court on November 2, 2000. Although the proceeding was not recorded, the alleged failure to comply with Mich. Comp. Laws § 767.37a(4) is not a basis for federal habeas corpus relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780

10

(1990) (stating that "federal habeas corpus relief does not lie for errors of state law"). "[A] federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Even if the constitutional right to due process were implicated here, the alleged error was harmless because a preliminary examination was held on the same day as the district court arraignment. At the conclusion of the hearing, the felony firearm charge was dismissed and Petitioner was bound over to circuit court on the armed robbery count. The preliminary examination was recorded, as was Petitioner's subsequent arraignment on the amended criminal information in state circuit court on November 16, 2000. Petitioner has not alleged that he was denied notice of the charges against him, and he has not shown that he was prejudiced by the alleged errors. Therefore, he has no right to relief on the basis of his claim about the district court arraignment.

### D. Trial Counsel's Failure to Object to Missing Witness

Petitioner claims that his trial attorney was ineffective for failing to object when the prosecution did not produce the person who provided the police with a tip. The tipster was Petitioner's girlfriend, Stephena Josdan, who informed the police that Petitioner left her stranded in New York when she refused to pawn suspected stolen jewelry for him. Although Petitioner contends that Ms. Josdan might have provided exculpatory testimony in his behalf if she testified, it is just as likely that Ms. Josdan would have inculpated Petitioner. Therefore, it was reasonable trial strategy not to insist that the prosecutor produce Ms. Josdan, and defense counsel was not ineffective for failing to object when the prosecutor struck Ms. Josdan's name from the witness list.

### E. "Cause" for Failing to Raise Claims on Direct Review

Petitioner alleges in his seventh and final claim that his appellate attorney was ineffective for failing to raise habeas claims IV through VI in the appeal of right. The Court has not treated claims IV through VI as procedurally defaulted. Thus, there is no need to consider whether appellate counsel was

"cause" for the alleged procedural default.  To the extent that Petitioner is asserting an independent claim of ineffective assistance of appellate counsel, the Court finds no merit in the claim, because the issues not raised on direct review lack merit.  An appellate attorney cannot be ineffective for failing to raise a meritless issue.  *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

**IV.  Conclusion**

The state court's adjudication of Petitioner's claims did not result in an unreasonable determination of the facts and was not contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly, the petition and amended petitions for a writ of habeas corpus [Dkt  #1, #8, and #13] are DENIED.  As previously noted, Petitioner's motion to amend his brief [Dkt. #14] is **GRANTED**.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the habeas petition states a valid claim of the denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Nor would reasonable jurists find the Court's assessment of Petitioner's other claims debatable or wrong.  *See id*. However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* without further authorization because he was granted *in forma pauperis* in the District Court.  Fed. R. App. P. 24(a)(3).


                                        s/John Corbett O'Meara____
                                        United States District Judge

Dated:  November 13, 2009



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 13, 2009, using the ECF system and/or ordinary mail.


                                        s/William Barkholz
                                        Case Manager