UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY LIGE,

        Petitioner,

v.                                            CASE NO. 07-14871
                                            HONORABLE JOHN CORBETT O'MEARA

LINDA M. METRISH,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO HAVE THE COURT REISSUE ITS DISPOSITIVE OPINION AND ORDER

In 2007, petitioner Larry Lige filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 13, 2009, the Court denied the petition in a written opinion and order. *See* Dkt. #15. Currently pending before the Court is Petitioner's motion to have the Court reissue its prior opinion and order pursuant to Federal Rule of Civil Procedure 60(a). Petitioner would like to appeal the Court's decision on his habeas claims, but he alleges that he was never served with an actual copy of the Court's opinion and order dated November 13, 2009.

**Federal Rule of Civil Procedure 60(a) and Federal Rule of Appellate Procedure 4(6)(a)**

Rule 60(a) of the Federal Rules of Civil Procedure authorizes federal courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." There is no indication in this case that the Court made a clerical mistake or a mistake arising from oversight or omission. The opinion and order dated November 13, 2009, includes a certificate of service stating that the Court's case manager

served the opinion and order on the parties of record on November 13, 2009, using the Court's electronic filing system and/or ordinary mail.

Furthermore, Federal Rule of Appellate Procedure 4(a) applies when a party does not receive notice of the entry of an order or judgment. *See* Fed. R. Civ. P. 77(d)(2) (stating that "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)"). Under Federal Rule of Appellate Procedure 4(a)(6), a district court may reopen the time to file an appeal for a period of fourteen days, but only if: (1) the moving party did not receive notice of the entry of a judgment or order within twenty-one days after entry of the judgment or order on the docket; (2) the motion to reopen the time to file an appeal is filed within 180 days after the judgment or order is entered or within fourteen days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced by the reopening.

Petitioner claims that he first learned of the Court's opinion and order denying his habeas petition on May 20, 2010, after he requested and received a copy of the Court's docket sheet in this case. The Court accepts Petitioner's allegation that he did not receive notice of the entry of the Court's opinion and order within twenty-one days after entry. The Court also finds that no party would be prejudiced by a reopening of the time to file an appeal.

The only question is whether Petitioner filed a motion to reopen the time to file an appeal within 180 days of the Court's dispositive opinion and order or within fourteen days of receiving notice of entry of the opinion and order. One hundred eighty days from entry of the Court's dispositive opinion and order was May 12, 2010, and fourteen days from the date that Petitioner

2

received a copy of the docket sheet was June 3, 2010. The deadline for filing a motion to re-open the time to file an appeal was the earlier of those two dates, which, in this case was May 12, 2010. Fed. R. App. 4(a)(6)(B). Petitioner did not file his motion for re-issuance of the Court's opinion and order until June 16, 2010. Therefore, even if his motion for re-issuance of the Court's dispositive opinion and order were construed as a motion to reopen the time for filing an appeal, his motion was untimely. He is not entitled to have the time for filing an appeal extended under Appellate Rule 4(a)(6).

### *Lewis v. Alexander* and *Bowles v. Russell*

In *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993), the Sixth Circuit Court of Appeals held that "a district court may employ [Federal Rule of Civil Procedure] 60(b) to permit an appeal outside the time constraints of [Federal Rule of Appellate Procedure] 4(a)(5)." *Id* at 396. The Lewis panel did not address Federal Rule of Civil Procedure 60(a) or Federal Rule of Appellate Procedure 4(a)(6).

In *Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005), the Sixth Circuit specifically addressed Appellate Rule 4(a)(6). Bowles' habeas petition was denied by the district court. His motion for new trial or to amend the judgment was also denied, but he claimed that he did not receive timely notice of the denial of his post-conviction motion. He subsequently acquired a copy of the docket sheet and then moved to reopen the appeal period. The district court granted his motion to reopen the appeal period, but gave Bowles an erroneous deadline for filing his appeal.[1] As a result, Bowles' subsequent notice of appeal was untimely, even though it complied

---

[1] A district court may reopen the time to file an appeal for a period of only fourteen days after the date when its order to reopen is entered. Fed. R. App. 4(a)(6).

with the district court's deadline. The Sixth Circuit subsequently dismissed Bowles' appeal because his notice of appeal was filed two days late. The Court held that the fourteen-day period set forth in Rule 4(a)(6) "is not susceptible to extension through mistake, courtesy, or grace." *Bowles*, 432 F.3d at 699.

In reaching this holding, the Sixth Circuit noted that the fourteen-day and 180-day periods of Rule 4(a)(6) were analogous and should be treated strictly. *Id*. at 676. The Sixth Circuit found cases like *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000), and *Zimmer St. Louis, Inc. v. Zimmer Co*., 32 F.3d 357, 360 (8th Cir. 1994), to be the relevant cases, as opposed to the more liberal interpretation given to Rule 4(a)(6) in a line of Supreme Court cases employing an equitable interpretation of appellate time limits. The *Clark* court "found the 180-day limitation in the Rule to be 'specific and unequivocal,'" and determined that "'nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.'" *Bowles,* 432 F.3d at 673 (quoting *Clark*, 204 F.3d at 1040).

> Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period.

*Id*. (quoting 16A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3950.6 at 228 (1999)). "'While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement.'" *Id*. (quoting *Clark*, 204 F.3d at 1041.

The Sixth Circuit's decision in *Bowles* was affirmed by the Supreme Court, which held that Bowles' "untimely notice – even though filed in reliance upon a District Court's order – deprived the Court of Appeals of jurisdiction." *Bowles v. Russell*, 551 U.S. 205, 206-07 (2007). The Supreme Court stated that "the timely filing of a notice of appeal in a civil case is a

jurisdictional requirement" and that the Court had "no authority to create equitable exceptions to jurisdictional requirements." *Id*. at 214.

This Court concludes from the relevant decisions in Bowles' case that it cannot reissue its opinion and order denying the habeas petition in order to create a new appeal period. Accordingly, Petitioner's motion to reissue the November 13, 2009 opinion and order pursuant to Federal Rule of Civil Procedure 60(a) [Dkt. #19] is **DENIED**.

s/John Corbett O'Meara<br>United States District Judge

Date: October 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 8, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager