UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY LIGE, JR.,

        Petitioner,

v.                                        CASE NO. 07-14871
                                       HONORABLE JOHN CORBETT O'MEARA

LINDA M. METRISH,

        Respondent.

_____/

**ORDER DENYING CLAIM FOR JUST COMPENSATION**

On November 13, 2007, petitioner Larry Lige, Jr., filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenged Petitioner's Wayne County conviction for armed robbery, Mich. Comp. Laws § 750.529. On November 13, 2009, the Court denied the petition in a memorandum opinion and order and declined to issue a certificate of appealability.

On June 16, 2010, Petitioner moved to have the Court re-issue its memorandum opinion and order on the ground that he was never served with the opinion and order. The Court denied Petitioner's motion because he was not entitled to have his case re-opened under Federal Rule of Appellate Procedure 4(a)(6) or under Federal Rule of Civil Procedure 60(a).

Pending before the Court is Petitioner's "Affidavit of Notice of Injuries and Damages, Claim for Just Compensation Due." The document alleges that the Court's case manager failed to serve Petitioner with the memorandum opinion and order

denying his habeas petition. Petitioner seeks $25 million dollars in compensation for being barred from appealing the denial of his habeas petition.

"The writ of habeas corpus exists to allow a petitioner to attack and secure release from illegal custody." *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 479 (6th Cir. 2009) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[D]amages are not an available habeas remedy." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *accord Muhammad v. Close,* 540 U.S. 749, 750-51 (2004) (*per curiam* opinion recognizing that damages are unavailable in habeas); *Lindh v. Murphy*, 521 U.S. 320, 342 (1997) (explaining that "the writ of habeas corpus is prospective in nature" and "does not compensate for past wrongful incarceration")  (Rehnquist, C.J., dissenting); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (noting that the Supreme Court was careful to point out in *Preiser v. Rodriguez* that "habeas corpus is not an appropriate or available remedy for damages claims").

Petitioner therefore has no right to money damages in this habeas action, and his "Claim for Just Compensation" [Dkt. #22] is **DENIED**.

						s/John Corbett O'Meara
						United States District Judge

Date:  April 8, 2011


	I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 8, 2011, using the ECF system and upon Petitioner at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, Michigan 49788 by first-class U.S. mail.

						s/William Barkholz
						Case Manager